UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01913-SEP |
| | ) | |
| ERDCC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by Missouri State prisoner Joseph Michael Devon Engel, prison registration number 1069055. For the reasons set forth below, Plaintiff will be allowed to proceed *in forma pauperis* with an initial partial filing fee of $1.00, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Plaintiff did not pay the filing fee nor file a motion for leave to proceed *in forma pauperis* when he filed his Complaint. However, in the body of the Complaint, Plaintiff writes: "Application to Proceed in District Court Without Prepaying Fees or Costs," and he claims to earn $5.00 per month. Doc. [1] at 1. The Court liberally construes Plaintiff's statement as a request for leave to bring this action without prepaying fees or costs, or in other words, to proceed *in forma pauperis*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (citing *Estelle v. Gamble*, 429 U.S. 97, 109 (1976)). Having considered Plaintiff's request and averments concerning his monthly income, the Court will grant the request and assess an initial partial filing fee of $1.00, which is reasonable based on the information provided. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should be ordered only when the legal theories are

"indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the "purpose of harassing" the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, a court may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When considering whether a complaint states a claim upon which relief can be granted, a court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## The Complaint

Plaintiff identifies himself as a sovereign citizen who is a civilly committed detainee. However, review of publicly available records shows he is actually a convicted and sentenced State prisoner. His Complaint is handwritten on notebook paper, but it contains a case caption that includes the name of this Court, Plaintiff's name, the case number, and the title "Prisoner Civil Rights Complient [*sic*] Under 42 U.S.C. 1983." Doc. [1] at 1.

The second page of the Complaint contains a list identifying the Defendants and the monetary relief sought from each. *Id.* at 2. It is clear Plaintiff intends to sue the Missouri Department of Corrections (MDOC), the Eastern Reception, Diagnostic and Correctional Center (ERDCC), and other divisions of the MDOC, along with numerous prison officials. Plaintiff identifies the prison officials using generic titles such as "CO1," "Sg.," "Major," "Caseworker," and "P&P Director." *Id.* Plaintiff also names Missouri State officials using generic titles such as "Sen[a]tor Mo" and "House Rep Mo." *Id.* Plaintiff indicates he is suing the Defendants in their official and individual capacities.

Plaintiff's entire statement of his claim is as follows: "I am sueing for the Cruel & Unu[sual] Punishment I Rec[e]ived on 9-25-20 Because I would not go into a cell with a child Mol[e]ster or a Black Guy I got a CDV I'm a Sourvin Citizn it's against my 1st Admenment Right." *Id.* at 2. Plaintiff identifies his injuries as "Prison Rights, 1st Admentment, Sourvin Citizn, PTSD." *Id.* at 1. The monetary relief Plaintiff seeks from each Defendant ranges from "400 Billion" dollars to "45000 Trillion" dollars. *Id.* at 2. Plaintiff also asks this Court to award millions of dollars in monetary relief plus scholarships to several non-parties, identified in the Complaint by name. *See id.* at 2.

This Complaint is one of more than 130 similar complaints Plaintiff has filed in this Court since September 2020, alleging that his civil rights have been violated by the MDOC, the ERDCC, and other State entities, as well as by MDOC and State officials identified by the generic titles included in this Complaint. The manner in which Plaintiff prepared his other 100+ complaints and demands for relief is roughly the same as in this action. To date, the complaints reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed on one of the grounds articulated therein or because Plaintiff failed to comply with court orders. For complaints filed on or after December 22, 2020, Plaintiff is subject to 28 U.S.C. § 1915(g).

### Discussion

The Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) on all of the aforementioned grounds: It seeks relief from defendants who are immune; it fails to state a claim upon which relief can be granted; and it is both frivolous and malicious.

Plaintiff seeks monetary relief from Missouri State entities such as the MDOC and divisions and facilities thereof. Such a suit is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of

3

another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). The State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, the "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018); s*ee Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (district court erred in allowing plaintiff to proceed against state university for injunctive relief).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second is where a State waives its immunity "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65 (quoting *Welch v. Texas Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987)). Neither exception applies here. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66; *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The second exception is inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Plaintiff also seeks monetary relief from numerous individuals he identifies using only generic titles. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff makes no specific factual allegations regarding any of the individual defendants identified by generic titles such that their identities could be ascertained after reasonable discovery. Therefore, this action cannot proceed against the fictitious defendants.

*See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (naming "various other John Does to be named when identified" was not permissible).

To the extent that Plaintiff purports to sue employees or officials of the State of Missouri in their official capacities, he fails to state a claim against them. Official capacity claims against such individuals are actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). As such, the official capacity claims against the State officials are actually claims against the State itself. As noted above, Plaintiff cannot sue the State of Missouri under 42 U.S.C. § 1983 because the State is not a "person" for purposes of the statute. *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

The Complaint also fails to state a claim against any Defendant in his or her individual capacity. Liability in a § 1983 case is personal, *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017), and a defendant can be held liable only for his or her own misconduct. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Section 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). A plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Here, Plaintiff has alleged no facts permitting the inference that any individual did or failed to do anything that amounted to a violation of any of his federally protected rights. The only specific information Plaintiff provides regarding each individual is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (upholding the district court's dismissal of two defendants who had no factual allegations alleged against them); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003)

(affirming dismissal of *pro se* complaint against defendants who were listed as defendants but there were no allegations of constitutional harm against them).

Finally, the Complaint fails to state a plausible conditions-of-confinement claim. The Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of crimes. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Conditions of confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To state a plausible conditions-of-confinement claim, Plaintiff must demonstrate both an objective and a subjective element. To satisfy the objective element, Plaintiff must demonstrate he was confined in conditions that were sufficiently serious to pose a "significant risk of harm" or deny him "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *see Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). To satisfy the subjective element, Plaintiff must demonstrate that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he or she "knows of and disregards . . . a substantial risk to an inmate's health or safety." *Saylor v. Nebraska*, 812 F.3d 637, 645 (8th Cir. 2016).

The Complaint in the instant case contains no facts establishing either the objective or the subjective element. Plaintiff describes conditions of insufficient severity and relies entirely upon conclusory statements that the Court is not required to accept as true. Plaintiff also fails to allege facts permitting the inference that any particular individual actually knew of, and deliberately disregarded, a substantial risk to his health or safety. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *see also Iqbal*, 556 U.S. at 678; *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

The Complaint describes no other theory of recovery; nor does it contain facts from which the Court can discern any plausible claim for relief. The Complaint asserts only

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which the Supreme Court has found deficient and this Court is not required to presume to be true. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a claim upon which relief may be granted and must therefore be dismissed.

The frivolousness of Plaintiff's claims provides an additional ground for dismissal under 28 U.S.C. § 1915(e)(2)(B). Plaintiff bases his entitlement to relief, at least in part, upon his asserted status as a "sovereign citizen." Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented"). In addition to other illogical demands, Plaintiff also asserts he is entitled to recover thousands of trillions of dollars in damages based upon a claim that entirely lacks factual support. Plaintiff's assertions and demands rise to the level of the irrational or the wholly incredible and are "clearly baseless." *Denton,* 504 U.S. at 31.

Finally, this action must also be dismissed because it is malicious. *See* 28 U.S.C. § 1915(e)(2)(B). This action is one of over 130 complaints Plaintiff has recently filed in this Court. Plaintiff submitted those pleadings in bulk and stated he intended each set of pleadings be docketed as an individual civil action. Plaintiff's other dozens of pleadings and claims for damages are similar to those in this action. It appears Plaintiff filed this action as part of a campaign of harassment, not as a legitimate attempt to vindicate a cognizable right. *See Spencer,* 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right); *see also In re Tyler*, 839 F.2d at 1293 (an action can be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits); *Cochran,* 73 F.3d at 1316 (when determining whether an action is malicious, the Court may consider the plaintiff's other litigious conduct).

Considering the Complaint in the context of Plaintiff's recent litigation practices, the Court finds that permitting Plaintiff to file an amended complaint would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of June, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE